IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GULFSTREAM WORLDWIDE, INC.,
GULFSTREAM WORLDWIDE, LTD., and
KEELY REYES, f/k/a KEELY
WHITTINGTON,

       Plaintiffs,

  vs.                                      No. CIV 04-0837 LH/WDS

CREDIT SUISSE FIRST BOSTON
MORTGAGE CAPITAL, LLC, WELLS
FARGO BANK MINNESOTA, N.A., as
trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities
Corp., Commercial Mortgage Pass-Through
Certificates, Series 2000-C1, and GMAC
COMMERCIAL MORTGAGE
CORPORATION,

       Defendants.

_____

GMAC COMMERCIAL MORTGAGE
CORPORATION, as Servicer for WELLS
FARGO BANK MINNESOTA, N.A., as
Trustee for the Registered Holders of
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
Commercial Mortgage Pass-Through
Certificates, Series 2000-C1,

       Plaintiffs,

  vs.                                      No. CIV 04-0659 RB/DJS

GULFSTREAM WORLDWIDE, LTD., a
Florida limited Partnership, GULFSTREAM
WORLDWIDE, INC., a Florida Corporation,

and KEELY WHITTINGTON, a.k.a. KEELY
W. REYES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Dismiss or Stay, or in the alternative to Consolidate (Docket No. 3 in No. CIV 04-0837 LH/WDS) of GMAC Commercial Mortgage Corporation [hereinafter "GMAC"]. The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motion is **well taken in part** and should be **granted in part**.

### I. Background

These suits involve the construction of the defeasance clause of a commercial mortgage contract. No. CIV 04-0837 LH/WDS was filed in the State of New Mexico's Second Judicial District Court, and removed to this Court by Defendant GMAC Commercial Mortgage Corporation [hereinafter "GMAC"]. No. CIV 04-0659 RB/DJS was filed by GMAC in this Court. GMAC has moved, *inter alia*, to consolidate the cases, which arise from the same transaction and require resolution of the same issues. In the interest of judicial economy and efficient administration, the cases will be consolidated before the requests for other relief are considered.

### II. Analysis

FED. R. CIV. P. 42(a) allows "actions involving a common question of law or fact...pending

before the court" to be consolidated. "Where the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). "Once the Court has determined that there are common questions of law or fact, it should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Nieto v. Kapoor*, 210 F.R.D. 244, 248 (D.N.M. 2002) (internal quotation marks and citation omitted).

As GMAC has pointed out, both cases involve the same parties, arise from the same transaction, and request the same, or opposite, relief. Consolidation is necessary to avoid the possibility of conflicting results, and will promote judicial economy and conserve limited judicial resources. As none of the parties has objected to consolidation, it is clear that their rights will be adequately protected. While both parties have sought relief in addition to the consolidation of the cases, the Court finds that consolidating the cases before acting on the pending motions would better serve the interest of judicial economy. The cases will therefore be consolidated pursuant to FED. R. CIV. P. 42(a).

The general rule when consolidating cases is that the first suit filed takes priority. *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The rule is not absolute, however, and the circumstances of a particular case may justify giving priority to the latter filed action. Several such circumstances are present in these cases.

First, although the suit filed by GMAC was the first to reach this Court, the suit filed by Gulfstream was actually the first to be filed. Moreover, the suit filed by GMAC appears to have been

filed in response to the suit filed by Gulfstream. It follows that the latter should therefore be given priority. Second, the resolution of the suit filed by Gulfstream will resolve the suit filed by GMAC as well. The suit filed by Gulfstream, on the other hand, includes claims for relief that would not be resolved in the suit filed by GMAC. For example, motions by Credit Suisse First Boston for attorneys' fees, to set aside the default judgment in the state court case, and to vacate the order releasing the mortgage lien entered in the state court case, are pending in the suit filed by Gulfstream and would not be decided in the suit filed by GMAC.

Third, administrative concerns unique to this district weigh in favor of giving priority to the suit filed by Gulfstream. Judge Brack's docket, which consists largely of criminal cases subject to speedy trial requirements, is less flexible than my own. Furthermore, if the first-to-file rule were applied here, the parties and witnesses would be required to travel to Las Cruces to appear before Judge Brack. Additionally, both cases were filed in the same judicial district, which alleviates the comity and administrative concerns that justify the first-to-file rule. Given these circumstances, the latter-filed case will be given priority and I will preside over them.

To reiterate, GMAC's motion to consolidate was considered independently of its motion to dismiss for administrative reasons and to conserve judicial resources. The motion to dismiss, as well as Gulfstream's motion to dismiss GMAC's suit and all other pending matters, will be address on their merits as quickly as possible.

**IT IS THEREFORE ORDERED** that GMAC's Motion to Dismiss or Stay, or in the alternative to Consolidate is **granted in part**.

**IT IS FURTHER ORDERED** that GMAC Commercial Mortgage Corporation, *et al.*, v.

Gulfstream Worldwide, Ltd., *et al.*, No. CIV 04-0659 RB/DJS be consolidated with Gulfstream Worldwide, Inc., *et al.*, v. Credit Suisse First Boston Mortgage Capital, LLC, *et al.*, No. CIV 04-0837 LH/WDS.

**IT IS FURTHER ORDERED** that all further pleadings in either case be filed under No. CIV 04-0837 LH/WDS.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**